UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| DARRELL D. LADNIER | * | CIVIL ACTION |
| --- | --- | --- |
|  | * |  |
| VERSUS | * | NO. 14-cv-01278-SM-KWR |
|  | * |  |
| REC MARINE LOGISTICS, LLC | * | JUDGE MORGAN |
| STCLLC SAFETY SYSTEMS, L.LC. | * |  |
|  | * | MAGISTRATE ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER, DEFENSES AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes Safety & Training Consultants, L.L.C., erroneously and improperly named as "SafeZone Safety Systems, L.L.C." and hereinafter referred to "STCLLC" and, in response to the "Seaman's Complaint for Damages" (Rec. Doc. No. 1, hereinafter referred to as the "Complaint") filed by Darrell D. Ladnier, ("Plaintiff"), respectfully files this, its "Answer, Defenses and Jury Demand."

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against STCLLC upon which relief can be granted.

## SECOND DEFENSE

This Honorable Court may lack subject matter jurisdiction over Plaintiff's claims against STCLLC.

**THIRD DEFENSE**

STCLLC was not the Plaintiff's employer. To the extent that the Complaint could be read to attempt to assert claims against STCLLC under the Jones Act or for maintenance and cure benefits, Plaintiff has no cause of action against STCLLC as a matter of fact or law.

**FOURTH DEFENSE**

AND NOW, further answering the specific allegations of the Complaint, STCLLC avers as follows:

1.

The preamble of the Complaint requires no response from STCLLC. However, out of an abundance of caution, to the extent that a response may be deemed necessary, the allegations of the preamble are denied, except to admit that Darrell D. Ladnier is a person of the full age of majority.

2.

The allegations of Paragraph I of the Complaint do not pertain to and require no response from STCLLC. However, out of an abundance of caution, to the extent that a response may be deemed necessary, the same are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph II of the Complaint are denied except to admit that STCLLC is a Louisiana limited liability company, which, at all material times, was doing business in the State of Louisiana and within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

4.

The allegations of Paragraph III of the Complaint contain legal conclusions that do not require a response from STCLLC. However, out of an abundance of caution, to the extent that a response may be deemed necessary, the same are denied.

5.

The allegations of the first Paragraph numbered VI in the Complaint (presumably intended to be Paragraph IV) are denied except to admit that Plaintiff participated in a safety training class on February 21, 2014.

6.

The allegations of Paragraph V of the Complaint are denied.

7.

The allegations of the second Paragraph numbered VI in the Complaint are denied.

8.

The allegations of Paragraph VII of the Complaint are denied.

9.

The allegations of Paragraph VIII of the Complaint contain legal conclusions that do not require a response from STCLLC. Moreover, the allegations of Paragraph VIII of the Complaint do not pertain to and require no response from STCLLC. However, out of an abundance of caution, to the extent that a response may be deemed necessary, the same are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph IX of the Complaint are denied.

11.

The allegations of Paragraph X of the Complaint do not pertain to and require no response from STCLLC. However, out of an abundance of caution, to the extent that a response may be deemed necessary, the same are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph XI of the Complaint contain legal conclusions that do not require a response from STCLLC. However, out of an abundance of caution, to the extent that a response may be deemed necessary, STCLLC joins Plaintiff in praying for trial by jury on all issues raised in the Complaint.

13.

To the extent that a response may be deemed necessary to the prayer of the Complaint, the same is denied in its entirety.

**FIFTH DEFENSE**

STCLLC denies that Plaintiff sustained any accident and/or injuries for which STCLLC can be held legally responsible.

**SIXTH DEFENSE**

Alternatively, Plaintiff's alleged accident and/or injuries, if any, were caused solely by Plaintiff's own fault and/or negligence, thereby barring any recovery.

**SEVENTH DEFENSE**

Alternatively, Plaintiff's alleged accident and/or injuries, if any, were caused by Plaintiff's own comparative fault and/or negligence, which serve to proportionately diminish his recovery.

**EIGHTH DEFENSE**

Alternatively, the negligence of Plaintiff was the intervening and/or superseding and/or sole proximate cause of Plaintiff's alleged accident and/or injuries, if any, thereby barring his recovery.

**NINTH DEFENSE**

Alternatively, the alleged accident and/or injuries of Plaintiff, if any, were caused by an unavoidable accident for which STCLLC cannot be held legally responsible.

**TENTH DEFENSE**

Alternatively, if Plaintiff sustained any alleged accident and/or injuries, then STCLLC avers that Plaintiff's alleged accident and/or injuries were caused by an Act of God or *force majeure*, for which STCLLC cannot be held legally responsible.

**ELEVENTH DEFENSE**

Alternatively, Plaintiff's alleged accident and/or injuries, if any, were caused by other entities or individuals over whom STCLLC has no control and for whom STCLLC cannot be held legally liable.

**TWELFTH DEFENSE**

Alternatively, Plaintiff's alleged accident and/or injuries, if any, were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of STCLLC, its employees, or any persons for whom STCLLC might be responsible.

**THIRTEENTH DEFENSE**

Alternatively, if Plaintiff sustained any accident and/or injuries, then Plaintiff has reached maximum cure.

**FOURTEENTH DEFENSE**

Alternatively, if Plaintiff sustained any accident and/or injuries, then STCLLC specifically denies responsibility for any medical treatment or medical bills that are determined to be unreasonable, unnecessary, or unrelated to Plaintiff's alleged accident and/or injuries.

**FIFTEENTH DEFENSE**

Alternatively, Plaintiff has no right to recover for any medical expenses that have already been paid by or on behalf of REC Marine Logistics, LLC or any other entity, or that may be paid by or on behalf of REC Marine Logistics, LLC or any other entity in the future.

**SIXTEENTH DEFENSE**

Alternatively, Plaintiff has no right to recover for any wages, advances or maintenance payments that have already been paid by or on behalf of REC Marine Logistics, LLC or any

other entity, or that may be paid by or on behalf of REC Marine Logistics, LLC or any other entity in the future.

### SEVENTEENTH DEFENSE

Alternatively, if Plaintiff sustained any accident and/or injuries, then the injuries of which Plaintiff now complains and for which Plaintiff has been treated, if any, were not caused by and are not related to Plaintiff's alleged accident, and STCLLC is not responsible.

### EIGHTEENTH DEFENSE

Alternatively, should it be discovered that Plaintiff suffered from preexisting medical conditions, then there can be no recovery against STCLLC in connection with those conditions.

### NINETEENTH DEFENSE

Alternatively, if Plaintiff sustained any accident and/or injuries, then should it be determined that Plaintiff suffered from preexisting injuries and/or illnesses and failed to disclose these conditions to STCLLC after being asked to do so in preparation for his training session, this would constitute willful concealment on the part of Plaintiff and would operate as sole or, alternatively, comparative fault, which would bar, or, alternatively, proportionately diminish, his recovery.

### TWENTIETH DEFENSE

Alternatively, if Plaintiff sustained any accident and/or injuries, then Plaintiff has failed to mitigate his alleged damages. This failure includes, but is not limited to, his apparent effort to

obtain unnecessary and excessive medical care, and his apparent failure to maintain gainful employment. Plaintiff's failure to mitigate his alleged damages constitutes sole or comparative fault sufficient to bar or diminish his recovery.

## TWENTY-FIRST DEFENSE

Alternatively, Plaintiff's alleged accident and/or injuries, if any, were not caused by and are not related to Plaintiff's training class.

## TWENTY-SECOND DEFENSE

Alternatively, should it be determined that when completing the paperwork required for his training class, Plaintiff omitted, concealed or misrepresented various information regarding his medical history and/or medical condition and that these omissions, concealments and/or misrepresentations were material to Plaintiff's being allowed to participate in the training class, and should that medical history and/or those medical conditions be found to be casually related to Plaintiff's current alleged injuries, condition and damages, this would constitute sole or comparative fault which would bar or proportionately diminish his recovery. Moreover, in that scenario, Plaintiff's misrepresentations, omissions and concealments would have violated the company policy of his employer and would have resulted in termination of Plaintiff's employment with his employer upon discovery. Accordingly, should it be determined that Plaintiff's employment with his employer would have been terminated notwithstanding his alleged accident and/or injuries, if any, Plaintiff would have no claim for past or future wage loss against STCLLC.

**TWENTY-THIRD DEFENSE**

Alternatively, should it be determined that Plaintiff is guilty of willful misconduct, failure to follow medical advice, failure to provide required information to STCLLC, and/or intentional concealment, then this would constitute sole or comparative fault which would bar or proportionately diminish his recovery.

**TWENTY-FOURTH DEFENSE**

STCLLC specifically pleads the affirmative defense of setoff, if applicable.

**TWENTY-FIFTH DEFENSE**

Alternatively, STCLLC avers that the alleged cause of Plaintiff's accident and/or injuries, if any, was not reasonably foreseeable.

**TWENTY-SIXTH DEFENSE**

Alternatively, STCLLC is entitled to an offset and/or credit with respect to any payments that may have been made to Plaintiff for medical expenses, wages or advances in order to prevent a double recovery.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's alleged injuries and alleged damages are the result of preexisting conditions and/or subsequent incidents for which STCLLC cannot be held responsible.

## TWENTY-EIGHTH DEFENSE

Plaintiff entered into a signed and dated written waiver and release of STCLLC from and against any and all liability for any injury, loss, or damage to person or property that might occur during the safety training at issue in this suit. That waiver and release serves as a complete bar to Plaintiff's claims against STCLLC.

## TWENTY-NINTH DEFENSE

Any allegations in Plaintiff's Complaint that are not expressly admitted herein are hereby denied.

## JURY DEMAND

STCLLC requests and prays for trial by jury of all issues herein.

WHEREFORE, Safety & Training Consultants, L.L.C., erroneously and improperly named as "SafeZone Safety Systems, L.L.C.," prays that this Answer, Defenses and Jury Demand be deemed good and sufficient and that, after due proceedings be had, there be judgment herein in favor of Safety & Training Consultants, L.L.C., dismissing Darrell D. Ladnier's Complaint with prejudice and at Darrell D. Ladnier's cost, and for all other relief as may be deemed equitable and just.

Respectfully submitted,

**ADAMS AND REESE LLP**

*s/Edwin C. Laizer*
EDWIN C. LAIZER, T.A. (#17014)
KYLE L. POTTS (#26472)
4500 One Shell Square
New Orleans, LA 70l39
Telephone: (504) 58l-3234
Facsimile: (504) 566-0210

***Attorneys for Safety & Training Consultants, L.L.C., erroneously and improperly named as "SafeZone Safety Systems, L.L.C."***

## CERTIFICATE OF SERVICE

I hereby certify that a on this 2nd day of September, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

*s/Edwin C. Laizer*