0584-20000                                                                    1077377

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL D. LADNIER** | **CIVIL ACTION NO: 14-1278** |
| **VERSUS** | **SECTION "E"** <br> **JUDGE SUSIE MORGAN** |
| **REC MARINE LOGISTICS, LLC,** <br> **SAFEZONE SAFETY SYSTEMS, L.L.C.** | **MAGISTRATE (4)** <br> **MAG. JUDGE KAREN WELLS ROBY** |

## ANSWER TO SEAMAN'S COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, REC Marine Logistics, LLC (hereinafter sometimes referred to as "REC Marine"), and for answer to the Seaman's Complaint For Damages of plaintiff, Darrell D. Ladnier, respectfully represents as follows:

### FIRST DEFENSE

Plaintiff's Seaman's Complaint For Damages fails to state a claim against REC Marine upon which relief can be granted.

### SECOND DEFENSE

REC Marine objects to the jurisdiction and venue of this Court.

## THIRD DEFENSE

Plaintiff's Seaman's Complaint For Damages is barred by the applicable period of prescription and/or statute of limitations and/or laches.

## FOURTH DEFENSE

**AND NOW**, for answer to the particular allegations of plaintiff's Seaman's Complaint For Damages, REC Marine avers as follows:

I.

The allegations contained in Paragraph I of plaintiff's Seaman's Complaint For Damages are denied.

II.

The allegations contained in Paragraph II of plaintiff's Seaman's Complaint For Damages are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph III of plaintiff's Seaman's Complaint For Damages are denied.

IV.

The allegations contained in Paragraph IV of plaintiff's Seaman's Complaint For Damages, incorrectly numbered as Paragraph VI, are denied.

V.

The allegations contained in Paragraph V of plaintiff's Seaman's Complaint For Damages are denied.

VI.

The allegations contained in Paragraph VI of plaintiff's Seaman's Complaint For Damages are denied to the extent that they pertain to REC Marine. To the extent that the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph VII of plaintiff's Seaman's Complaint For Damages are denied to the extent that they pertain to REC Marine. To the extent that the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph VIII of plaintiff's Seaman's Complaint For Damages are denied.

IX.

The allegations contained in Paragraph IX of plaintiff's Seaman's Complaint For Damages are denied.

X.

The allegations contained in Paragraph X of plaintiff's Seaman's Complaint For Damages are denied.

XI.

The allegations contained in Paragraph XI of plaintiff's Seaman's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

**FIFTH DEFENSE**

REC Marine denies the allegations of any unnumbered and/or misnumbered paragraphs and any allegations contained in the plaintiff's Seaman's Complaint For Damages which have not already been addressed, as well as those allegations contained in the prayer for relief.

**SIXTH DEFENSE**

To the extent that plaintiff has sustained any injury or injuries, which is specifically denied, REC Marine avers that plaintiff was not in the course and scope of employment or in the service of a vessel at the time of any alleged injury, and therefore can have and make no recovery against REC Marine herein.

**SEVENTH DEFENSE**

Without waiving the above and foregoing, and further answering if same be necessary, REC Marine avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical condition which was neither caused nor aggravated by any act or omission of REC Marine, thus barring or mitigating any recovery by plaintiff herein.

**EIGHTH DEFENSE**

To the extent plaintiff sustained any damages as alleged, which is denied, such damages were caused by plaintiff's sole negligence and/or fault thus barring any recovery by plaintiff.

**NINTH DEFENSE**

Further answering plaintiff's Seaman's Complaint For Damages, REC Marine avers that if this Court should find that plaintiff sustained any injury or injuries, which is specifically denied, and should the Court find that the accident complained of herein was caused or contributed to by the negligence of REC Marine, which is also denied, the same was also caused or contributed to by the negligence and lack of due care on the part of plaintiff, and REC Marine specifically pleads such contributory negligence as a bar to this action, or alternatively, in mitigation of the amount of damages legally recoverable.

**TENTH DEFENSE**

REC Marine further avers that if plaintiff sustained any injury or injuries, which is denied, said injury or injuries were caused or brought about by the ordinary normal risks incident to his occupation which were voluntarily assumed by plaintiff and for which REC Marine is in no way responsible.

**ELEVENTH DEFENSE**

REC Marine further avers that the injuries alleged by plaintiff, if any, were caused in whole or in part by the fault, acts, negligence or omissions of a third party or parties over whom REC Marine exercised no control or supervision and for whom REC Marine has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that plaintiff is entitled to recover from REC Marine, which is denied, plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

**TWELFTH DEFENSE**

In the further alternative, REC Marine alleges and avers that plaintiff has failed to mitigate his alleged damages and recovery herein is defeated or mitigated.

**THIRTEENTH DEFENSE**

Should the court find that plaintiff was in the service of a REC Marine vessel at the time of his alleged accident, REC Marine alleges and avers that it is entitled to exonerate or limit its liability under the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.*, should it be found liable unto plaintiff in any regard, which is specifically denied. REC Marine in no way waives its right to pursue exoneration or limitation as a defense in any subsequent proceeding in any court of competent jurisdiction.

**FOURTEENTH DEFENSE**

REC Marine avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**WHEREFORE**, the premises considered, REC Marine Logistics, LLC, prays that this, its Answer to the plaintiff's Seaman's Complaint For Damages be deemed good and sufficient and that after due proceedings are had, that there be judgment herein in favor of defendant, REC Marine Logistics, LLC, and against plaintiff, dismissing plaintiff's Seaman's Complaint For Damages at plaintiff's cost, and that defendant, REC Marine Logistics, LLC, be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

/s/ Salvador J. Pusateri
SALVADOR J. PUSATERI (#21036)
KYLE A. KHOURY (#33216)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM, LLC
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Kyle.Khoury@pbgglaw.com
Attorneys for REC Marine Logistics, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of September, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ Salvador J. Pusateri